IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Acacia Media Technologies Corporation, | NO. C 05-01114 JW |
| Plaintiff,<br>v. | **ORDER CLARIFYING THE ROLE OF THE COURT'S TECHNICAL ADVISOR, MR. RAINER SCHULZ** |
| New Destiny Internet Group, et al., | |
| Defendant(s).                     / | |
| And All Related and/or Consolidated Case Actions | |
|                                   / | |

## I. BACKGROUND

Before MDL referral and pursuant to stipulation of the parties, the Court appointed Mr. Rainer Schulz as an "expert" confidentially to consult with the Court on technology issues involved in this case. On February 18, 2005, Plaintiff Acacia Media Technologies Corporation filed a Motion for Clarification of the Role of Mr. Schulz and submitted a proposed Order which, if adopted, would require the Court to provide the parties with a summary of the nature and scope of the advice received from Mr. Schulz. While the motion was pending, the case was adjudicated for consolidation and referral under the Rules for Multidistrict Litigation. The Court suspended its consultation with Mr. Schulz.

On June 14, 2005, during a Case Management Conference, the Court invited counsel for the parties to comment on pending motions. Among the motions listed was the pending motion to clarify

1   the role of Mr. Schulz. The Court reiterated its understanding that the parties had stipulated that the
2   Court would appoint Mr. Schulz as a confidential adviser to the Court on the technology issues in the
3   case. Plaintiff's counsel stated that his motion for clarification was prompted by the Court's reference
4   to Evidence Code §706, under which the expert would not give confidential advice but would make
5   written reports and be subject to being subpoenaed for a deposition with respect to any expert report.
6   Plaintiff's counsel also stated a concern that certain statements in the Court's Markman Order, issued
7   on July 12, 2004, could only have come from "evidence" supplied to the Court by Mr. Schulz.

8   Given the Court's intent that Mr. Schulz act as a confidential technical advisor to the Court, the
9   Court finds its reference to Evidence Code §706 incorrect. This Order amends the appointment Order
10  and clarifies the Court's intent to appoint Mr. Schulz as a technical adviser only. This Order sets for a
11  procedure for any party to object to the appointment.

## II. DISCUSSION

13  A district judge has inherent authority to appoint a technical advisor when the judge deems it
14  desirable and necessary. Ass'n of Mexican Am. Educators v. California, 231 F.3d 572, 590 (9th Cir.
15  2000) (en banc). The exercise of this authority should be used sparingly and only in highly
16  complicated cases. TechSearch, L.L.C. v. Intel Corp., 286 F.3d 1360, 1378 (Fed. Cir. 2002)
17  (interpreting the Ninth Circuit standard for appointing technical advisors). In those limited cases,
18  where the complexity of the science and technology involves something well beyond regular questions
19  of fact and law, the district court has the inherent authority to tap the outside skill and expertise of a
20  technical advisor. Federal Trade Commission v. Enforma Natural Products, Inc., 362 F.3d 1204,
21  1213 (9th Cir. 2004); see also Reilly v. United States, 863 F.2d 149, 157 (1st Cir. 1988). The
22  technical advisor acts as educator, advising on terminology so that the district court can better
23  understand complex evidence and properly discharge its role as decision maker. TechSearch, 286
24  F.3d at 1377.

## III. PROPOSED ORDER OF APPOINTMENT

26  This MDL case involves complex technology issues. The Court proposes to vacate its
27  previous order of appointment and proposes to reappoint Mr. Rainer Schulz as a technical advisor,

28                                                  2

under the following terms:

1. From time-to-time, at the request of the Court, Mr. Schulz will consult with the Court on the technology issues involved in these cases;

2. Mr. Schulz may attend any court proceedings;

3. Mr. Schulz may review any pleadings, motions or documents submitted to the Court;

4. As a technical advisor, Mr. Schulz will make no written findings of fact and will not supply any evidence to the Court. Thus, Mr. Schulz will be outside the purview of "expert witnesses" under FED. R. EVID. 706. See id. at 1378; Reilly, 863 F.2d at 155-156. As such, the provisions in Rule 706 for depositions and questioning of expert witnesses will be inapplicable to Mr. Schulz; and

5. Mr. Schulz will have no contact with any of the parties or their counsel.

6. The parties would pay the reasonable fees charged by Mr. Schulz for his service as a technical advisor to the Court. All matters pertaining to the fees of Mr. Schulz would be referred to Magistrate Judge Lloyd.

If no objections are made to this reappointment Order within the time frame set forth below, within 30 days of this Order, the parties shall confer to determine an apportionment for purposes of payment of Mr. Schulz's fees. Any dispute over the apportionment shall be resolved by Magistrate Judge Lloyd.

On or before June 30, 2005, any party to the litigation, which includes parties at the time of his initial appointment and those parties now before the Court by virtue of the MDL referral, wishing to object to Mr. Schulz's reappointment on any ground, shall file a Notice of Objection to Appointment of Technical Adviser. Among the grounds for objection, the Court specifically would wish to know of any objection based on the following grounds:

A. That the Court lacks the authority to make the appointment, or

B. Bias, inexperience, or lack of qualification on the part of Mr. Schulz;

C. Lack of funds to share the fees of the advisor on the part of the objecting party.

Any objection shall be lodged directly with Magistrate Judge Lloyd. The objection shall state the ground of objection and be accompanied by a supporting declaration and legal memorandum

3

supporting the objection. Judge Lloyd shall not advise Judge Ware of the identity of any party making an objection. Judge Lloyd may confer with the parties to determine if any modification of the terms of appointment would overcome the objection. Thereafter, Judge Lloyd shall submit a recommendation to Judge Ware in accordance with paragraphs 1-6 or as modified or of non-appointment due to objections. Judge Ware will determine whether to make the appointment under any modified terms of appointment.

If appointment is made, Mr. Schulz shall file a declaration that he will adhere to the terms of his appointment.

Dated: June 21, 2005                          /s/ James Ware
                                              JAMES WARE
                                              United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Alan P. Block blocka@hbdlawyers.com
Annamarie A. Daley aadaley@rkmc.com
Bradford P. Lyerla blyerla@marshallip.com
David A. York david.york@lw.com
Harold J. McElhinny HmcElhinny@mofo.com
J. Timothy Nardell EfilingJTN@cpdb.com
James Michael Slominski jslominski@hh.com
Jan J. Klohonatz jklohonatz@tcolaw.com
Jason A. Crotty jcrotty@mofo.com
Jeffrey D. Sullivan jeffrey.sullivan@bakerbotts.com
Jeffrey H. Dean jdean@marshallip.com
Jonathan E. Singer singer@fr.com
Juanita R. Brooks brooks@fr.com
Kevin D. Hogg khogg@marshallip.com
Kevin I. Shenkman shenkmank@hbdlawyers.com
Maria K. Nelson mknelson@jonesday.com
Marsha Ellen Mullin memullin@jonesday.com
Michael J. McNamara michael.mcnamara@bakerbotts.com
Mitchell D. Lukin mitch.lukin@bakerbotts.com
Morgan William Tovey mtovey@reedsmith.com
Patrick J. Whalen pwhalen@spencerfane.com
Paul A. Friedman pafriedman@mofo.com
Rachel Krevans rkrevans@mofo.com
Richard R. Patch rrp@cpdb.com
Robert F. Copple rcopple@lrlaw.com
Roderick G. Dorman dormanr@hbdlawyers.com
Stephen E. Taylor staylor@tcolaw.com
Stephen P. Safranski spsafranski@rkmc.com
Todd Glen Miller miller@fr.com
Todd R. Tucker ttucker@rennerotto.com
Victor de Gyarfas vdegyarfas@foley.com
Victor George Savikas vgsavikas@jonesday.com
William J. Robinson wrobinson@foley.com
William R. Overend woverend@reedsmith.com
William R. Woodford woodford@fr.com

**Dated: June 21, 2005**          **Richard W. Wieking, Clerk**

                                  **By:   /s/ JW Chambers**
                                       **Ronald L. Davis**
                                       **Courtroom Deputy**