**\*E-FILED ON 9/6/05\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE ACACIA MEDIA TECHNOLOGIES CORPORATION | No. C05-01114 JW (HRL) <br><br> **REPORT AND RECOMMENDATION THAT THE PROPOSED APPOINTMENT OF RAINER SCHULZ BE MODIFIED** |

On June 21, 2005, the District Court issued an "Order Clarifying the Role of the Court's Technical Advisor, Mr. Rainer Schulz," which (1) proposed terms of Schulz's appointment and (2) referred any objections to this court for a report and recommendation as to whether the appointment should be (a) made as proposed, (b) modified, or (c) not made due to the objections asserted.

Pursuant to the June 21, 2005 order, a party ("Objecting Party")[1] filed with this court an objection to the proposed appointment. Several parties filed responsive papers, and the Objecting Party filed a reply brief. This court concludes that the matter may be determined upon the papers presented without a hearing. Upon consideration of the objection, as well as the responding papers, this court recommends that the proposed terms of appointment be modified as discussed below.

---

[1] As per the District Court's June 21, 2005 Order, this court will not identify the party objecting to the proposed appointment.

## I. BACKGROUND

This is a patent infringement action involving a number of lawsuits filed against online adult entertainment, cable television, satellite television and in-room hotel entertainment companies. The actions have been consolidated in this district under the Rules for Multidistrict Litigation.

Before consolidation, the District Court held a Markman hearing in those actions which were pending in the Central District of California. Pursuant to the parties' stipulation, on April 7, 2004, the District Court issued an "Order Appointing Technical Consultant" in which Schulz was appointed as an expert consultant pursuant to Fed.R.Evid. 706. A Markman order was issued on July 12, 2004.

After consolidation, and in response to a motion for clarification of Schulz's role, on June 21, 2005, the District Court issued an order (1) withdrawing the earlier designation under Fed.R.Evid. 706 and (2) proposing terms under which Schulz would be appointed as a confidential technical advisor. Those proposed terms of appointment are as follows:

1. From time-to-time, at the request of the Court, Mr. Schulz will consult with the Court on the technology issues involved in these cases.

2. Mr. Schulz may attend any court proceedings.

3. Mr. Schulz may review any pleadings, motions or documents submitted to the Court.

4. As a technical advisor, Mr. Schulz will make no written findings of fact and will not supply any evidence to the Court. Thus, Mr. Schulz will be outside the purview of "expert witnesses" under Fed.R.Evid. 706. . . . As such, the provisions in Rule 706 for depositions and questioning of expert witnesses will be inapplicable to Mr. Schulz.

5. Mr. Schulz will have no contact with any of the parties or their counsel.

6. The parties would pay the reasonable fees charged by Mr. Schulz for his service as a technical advisor to the Court. All matters pertaining to the fees of Mr. Schulz would be referred to Magistrate Judge Lloyd.

(See June 21, 2005 Order, Docket No. 21 at p. 3). If the appointment is made, Schulz will be required to file a declaration that he will adhere to the terms of his appointment. (Id. at 4:7-8).

The District Court also specified the procedures to be followed if a party had any objection to the proposed appointment. In particular, it wished to be advised of any objections based on the following grounds:

1. That the Court lacked the authority to make the appointment, or

2. That Schulz was biased, inexperienced or lacked requisite qualification; or

3. That a party lacked funds to share the fees of the advisor.

(Id. at pp. 3-4).

The Objecting Party does not (1) dispute the District Court's authority to appoint a technical advisor; (2) allege that Schulz is biased, inexperienced or unqualified; or (3) assert that it lacks funds to pay its share of Schulz's fees. Instead, it expresses concern, based upon the description of Schulz's activities in his invoices, that certain findings in the July 12, 2004 Markman order could only have been based upon extra-record "evidence" provided to the court by Schulz. It argues that the terms of Schulz's appointment must be modified to ensure that: (1) the court provides the parties with a summary of the nature and scope of all advice given by Schulz in any *ex parte* communications with the court; and (2) Schulz is subject to deposition by the parties (i.e., with a Special Master to preside over the deposition to ensure that the examination does not delve into the court's mental processes and impressions). In essence, the Objecting Party contends that, on account of what he did (or may have done) in the past, Schulz can now serve *only* as an expert witness under Fed.R.Evid. 706, and not as a technical advisor.

Collectively, the responding parties contend that (1) the proposed terms of Schulz's appointment are consistent with and sufficient under applicable law; (2) any concerns as to the basis for the court's findings in its July 12, 2004 Markman order can be adequately addressed in the court's reconsideration of that order; and (3) allegations that Schulz usurped the court's role in claims construction are purely speculative.

## II. LEGAL STANDARD

A district court may appoint a technical advisor "to organize, advise on, and help the court understand relevant scientific evidence." Federal Trade Comm'n v. Enforma Natural Products, Inc., 362 F.3d 1204, 1213 (9th Cir. 2004) (citing Ass'n of Mexican American Educators v. California, 231

3

F.3d 572, 590 (9th Cir. 2000) (en banc)). "A technical advisor may not assume the role of an expert witness by supplying new evidence; nor may an advisor usurp the role of the judge by making findings of fact or conclusions of law." Id. (citing A&M Records, Inc. v. Napster, Inc., 284 F.3d 1091, 1097 (9th Cir. 2002)). "Technical advisors, acting as such, are not subject to the provisions of Rule 706,[2] which govern court-appointed expert *witnesses*.  A court-appointed expert is a witness subject to Rule 706 if the expert is called to testify or if the court relies on the expert as an independent source of evidence." Id.

### III.  DISCUSSION

Although the Ninth Circuit does not require strict adherence to any specific procedures pertaining to technical advisors, it has endorsed the following guidelines in making such appointments:

(1) utilize a fair and open procedure for appointing a neutral technical advisor;

(2) address any allegations of bias, partiality, or lack of qualification;

(3) clearly define and limit the technical advisor's duties;

(4) make clear to the technical advisor that any advice he or she gives to the court cannot be based on any extra-records information; and

(5) make explicit, either through an expert's report or a record of *ex parte* communications, the nature and content of the technical advisor's advice.

Enforma Natural Products, Inc., 362 F.3d at 1214-15 (citing Ass'n of Mexican-American Educators, 231 F.3d at 611-14 (Tashima, J., dissenting)).

---

[2]Rule 706(a) of the Federal Rules of Evidence provides, in relevant part:

> The court may appoint any expert witnesses agreed upon by the parties, and may appoint expert witnesses of its own selection. . . . A witness so appointed shall advise the parties of the witness' findings, if any; the witness' deposition may be taken by any party; and the witness may be called to testify by the court or any party. The witness shall be subject to cross-examination by each party, including a party calling the witness.

FED.R.EVID. 706(a).

4

As noted above, the crux of the asserted objection is that Schulz cannot now be appointed as anything but an expert witness under Fed.R.Evid. 706 because the Objecting Party perceives that he provided extra-record evidence in his past interaction with the court. It asserts that the parties therefore must now have an opportunity to examine him. See Enforma Natural Products, Inc., 362 F.3d at 1213 ("A court-appointed expert is a witness subject to the Rule 706 if the expert is called to testify or if the court relies on the expert as an independent source of evidence."). The Objecting Party further argues that reconsideration of the July 12, 2004 Markman order cannot erase the past because (1) it will have no opportunity to learn the nature and scope of Schulz's previous interaction with the court, (2) the District Court has not vacated its July 12, 2004 Markman order and will likely presume that its prior findings and conclusions are correct and (3) there will, therefore, be no sufficient record of the basis for the court's findings in its July 12, 2004 Markman order.

This court does not know what took place during the earlier claims construction proceedings and is therefore unable to opine as to whether or not Schulz can now serve only as an expert witness under Fed.R.Evid. 706 – i.e., whether Schulz must be subject to examination by the parties. Having reviewed Schulz's invoices submitted by the Objecting Party, however, this court finds nothing improper about the fact that the District Court consulted with Schulz on an *ex parte* basis or that Schulz billed his time to "claims analysis," "claim construction review," or "patent review." Moreover, it seems less than likely that whatever transpired between the court and Schulz in the past would compromise his prospective role as a technical advisor given that (1) the District Court has agreed to reconsider its July 12, 2004 Markman decision and (2) under the proposed terms of appointment, Schulz will make no written findings of fact and will not supply any evidence to the Court.

Nevertheless, to assuage the Objecting Party's concerns over Schulz's past activities, the court should consider making the following modifications to its proposed terms of appointment:

(1) With respect to Schulz's duties, the proposed terms specify that he will advise the court "on the technology issues involved in these cases," and further state that he "will make no written findings of fact and will not supply any evidence to the Court." However, consistent with the fourth procedural guideline, and to further clarify Schulz's duties, the proposed terms of appointment should be modified to make clear

5

     that any advice Schulz provides to the court will not be based on any extra-record information.

(2) As for advice provided to the court by Schulz, and consistent with the fifth procedural guideline, the District Court should modify the proposed terms of appointment to make explicit, either through an expert's report or a record of *ex parte* communications, the nature and content of that advice. It has been suggested that "some documentation is required — such as a report by the advisor, a summary of the advice given, or the court's statement on the record – of the court's interaction with the technical advisor." Ass'n of Mexican-American Educators, 231 F.3d at 613 (Tashima, J., dissenting). However, there is no specific method by which such information must be made known, and the District Court apparently has discretion to choose an appropriate method for such disclosure. See Techsearch LLC v. Intel Corp., 286 F.3d 1360, 1377 (Fed. Cir. 2002) (stating that in the Ninth Circuit, the appointment of a technical advisor is reviewed for abuse of discretion).

## IV. RECOMMENDATION

1. The proposed terms of appointment should be modified to make clear that any advice Schulz provides to the court will not be based on any extra-record information.

2. The proposed terms of appointment should be modified to make explicit, either through an expert's report or a record of *ex parte* communications, the nature and content of the advice provided by Schulz.

3. The assertion by the Objecting Party that Schulz's prior service to the court under Fed.R.Evid. 706 precludes him from acting as a technical advisor is supported by little more than speculation as to the nature and extent of the previous interactions between Schulz and the District Court. It seems highly unlikely that his prior service would cause a problem either with respect to his future service or to the District Court's reconsideration of its claims construction order. However, this

6

1  court is unable to make a recommendation based upon the information available to it.

2  Dated: September 6, 2005

/s/ Howard R. Lloyd
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:05-cv-1114 Notice will be electronically mailed to:

Alfredo A. Bismonte    abismonte@mount.com, ceastman@mount.com;bshih@mount.com

Alan P. Block    blocka@hbdlawyers.com, bersons@hbdlawyers.com;biserm@hbdlawyers.com;effnere@hbdlawyers.com

Juanita R. Brooks    brooks@fr.com, njohnson@fr.com

Jason A. Crotty    jcrotty@mofo.com, vpooni@mofo.com;RKrevans@mofo.com;LSangalang@mofo.com;RHarkins@mofo.com

Annamarie A. Daley    aadaley@rkmc.com, dlanderson@rkmc.com;vlriley@rkmc.com

Jeffrey H. Dean    jdean@marshallip.com, mdelach@marshallip.com

Roderick G. Dorman    dormanr@hbdlawyers.com, spearsl@hbdlawyers.com

Daniel Harlan Fingerman    dfingerman@mount.com, mmcmanus@mount.com

Paul A. Friedman    pafriedman@mofo.com,

Sean David Garrison    sgarrison@lrlaw.com, pdennis@lrlaw.com

Kevin D. Hogg    khogg@marshallip.com,

Jan J. Klohonatz    jklohonatz@tcolaw.com,

Rachel Krevans    rkrevans@mofo.com, ggerrish@mofo.com

Mitchell D. Lukin    mitch.lukin@bakerbotts.com,

Bradford P. Lyerla    blyerla@marshallip.com, mgreene@marshallip.com

Harold J. McElhinny    HMcElhinny@mofo.com, vmarshall@mofo.com

Emmett J. McMahon    ejmcmahon@rkmc.com, lhbuck@rkmc.com

Michael J. McNamara    michael.mcnamara@bakerbotts.com,

Todd Glen Miller    miller@fr.com, owens@fr.com

Marsha Ellen Mullin    memullin@jonesday.com,

J. Timothy Nardell    EfilingJTN@cpdb.com

Maria K. Nelson    mknelson@jonesday.com, vgsavikas@jonesday.com;memullin@jonesday.com;lalucca@jonesday.com

William R. Overend    woverend@reedsmith.com, ehaase@reedsmith.com

Richard R. Patch    rrp@cpdb.com,

William J. Robinson    wrobinson@foley.com, lsaptoro@foley.com

Stephen P. Safranski    spsafranski@rkmc.com, bjweiss@rkmc.com

8

1  Victor George Savikas     vgsavikas@jonesday.com,

2  Kevin I. Shenkman    shenkmank@hbdlawyers.com, smithm@hbdlawyers.com

3  David J. Silbert    djs@kvn.com, aap@kvn.com;nbd@kvn.com;cac@kvn.com

4  Jonathan E. Singer    singer@fr.com, skarboe@fr.com

5  James Michael Slominski    jslominski@hh.com, jimslominski@verizon.net

6  Jeffrey D. Sullivan    jeffrey.sullivan@bakerbotts.com

7  Stephen E. Taylor    staylor@tcolaw.com,
8  jklohonatz@tcolaw.com;swexler@tcolaw.com;cdunbar@tcolaw.com;nfreese@tcolaw.com;rhardack@tcolaw.com;jshang@tcolaw.com;sscoggins@tcolaw.com

9  Morgan William Tovey    mtovey@reedsmith.com, mjmeyers@reedsmith.com

10  Todd R. Tucker    ttucker@rennerotto.com, jcampbell@rennerotto.com

11  Patrick J. Whalen    pwhalen@spencerfane.com, ecrank@spencerfane.com

12  William R. Woodford    woodford@fr.com, lindner@fr.com

13  David A. York    david.york@lw.com

14  Victor de Gyarfas    vdegyarfas@foley.com,

15  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

**United States District Court**
For the Northern District of California

16
17
18
19
20
21
22
23
24
25
26
27
28

9