COUNSEL LISTED ON SIGNATURE PAGES



# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>ACACIA MEDIA TECHNOLOGIES<br>CORPORATION PATENT LITIGATION | Case No. C 05-01114<br>MDL No. 1665<br><br>**STIPULATED COVENANT NOT TO SUE;<br>ORDER THEREON** |

## COVENANT NOT TO SUE

1.  This Covenant Not to Sue is entered into by Acacia Media Technologies Corporation ("Acacia"), on the one hand, and the following entities, individually or in any combination thereof, on the other:  Comcast Cable Communications LLC; Insight Communications, Inc.; The DirecTV Group, Inc.; Coxcom, Inc.; Hospitality Network, Inc.; Mediacom Communications Corporation; Cable One, Inc.; Bresnan Communications; Cequel III Communications I, LLC (dba Cebridge Connections); Charter Communications, Inc.; Armstrong Group; Block Communications, Inc.; East Cleveland Cable TV and Communications LLC; Wide Open West Ohio LLC; Massillon Cable TV, Inc.; Mid-Continent Media, Inc.; US Cable Holdings LP; Savage Communications, Inc.; Sjoberg's Cablevision, Inc.; Loretel Cablevision;

Arvig Communications Systems; Cannon Valley Communications, Inc.; Cable America Corporation; NPG Cable, Inc.; Echostar Satellite LLC; Echostar Technologies Corporation; Ademia Multimedia;, LLC; ACMP, LLC; AEBN, Inc.; Audio Communications, Inc.; Cyber Trend, Inc.; Cybernet Ventures, Inc.; Game Link, Inc.; Global AVS, Inc.; Innovative Ideas International; Lightspeed Media Group, Inc.; National A-1 Advertising, Inc.; New Destiny Internet Group, LLC; VS Media, Inc.; Offendale Commercial Limited BV; and International Web Innovations, Inc.; Time Warner Cable Inc.; CSC Holdings, Inc., and ASKCS.COM, Inc. (collectively, "Defendants").

    2.    The "Withdrawn Claims" shall mean Claims 19-22, 23, 24, 42-44, 47, 48, 49, 51, 52 and 53 of U.S. Patent No. 5,132,992 ("'992 patent"); Claims 2 and 5 of U.S. Patent No. 5,253,275 ("'275 patent"); Claims 14-16 of U.S. Patent No. 5,550,863 ("'863 patent); and Claims 4 and 6-8 of U.S. Patent No. 6,002,720 ("'720 patent").

    3.    In exchange for good and valuable consideration, the receipt of which is hereby acknowledged, Acacia hereby covenants not to sue Defendants or their Affiliates (defined below) on the Withdrawn Claims for any past, present, or future claim of infringement arising from manufacturing, having manufactured, exporting, importing, using, selling, or offering to sell any product or method whatsoever, or having engaged in the past in any or all of these activities.

    4.    Thus, Acacia agrees that, with respect to the Withdrawn Claims, Defendants and their Affiliates shall not be subject to any injunction, and shall have no liability to Acacia or to any purchaser, assignee, or successor-in-interest to the Withdrawn Claims, for any alleged infringement of the Withdrawn Claims, including without limitation any alleged direct infringement, indirect infringement, joint infringement, inducement to infringe, or contributory infringement.  For the purpose of this Covenant, **"Affiliate"** shall be defined, with respect to each Defendant, as a separate corporation, company, or other entity which now or hereafter, directly or indirectly through one or more intermediaries, Controls, is Controlled by, or is under common Control with such Defendant.  "**Controls**" or "**Controlled by**" and "**under common**

**Control with**" shall mean the power to direct or cause the direction of the management policies of such corporation, company, or other entity, whether through the ownership of voting securities, or by contract or otherwise.

     5.    Further, Acacia covenants not to sue any of Defendants' or their Affiliates' subscribers on the Withdrawn Claims, where the alleged infringement results from subscribing to and/or using services offered by Defendants or their Affiliates.

     6.    This Covenant Not to Sue shall bind Acacia and its parent companies, subsidiaries, affiliates, successors and assigns, and present, former, and future employees, officers, shareholders, directors, representatives, agents, attorneys, successors and assigns, and all other persons acting for or on its behalf. Acacia and Defendants intend this covenant to burden the '992 patent, the '275 patent, the '863 patent, and the '720 patent so as to bar any and all future assignees of the '992 patent, the '275 patent, the '863 patent, and/or the '720 patent from asserting the Withdrawn Claims against Defendants and/or their Affiliates.

     7.    This Covenant Not to Sue shall not affect Acacia's ability to continue to seek injunctive and/or monetary relief from any Defendant or its Affiliates with respect to any of the remaining patent claims from the patents currently in suit in this action or from any other patents Acacia may assert against any such Defendant or its Affiliates in the future.

     8.    This Covenant Not to Sue shall not be admissible at trial.

Dated: June 4, 2008                        RODERICK G. DORMAN (CA SBN 96908)
                                           ALAN P. BLOCK (CA SBN 143783)
                                           MARC MORRIS (CA SBN 183728)
                                           HENNIGAN, BENNETT & DORMAN LLP

                                           By       /S/ Roderick G. Dorman
                                                     Roderick G. Dorman

                                           Attorneys for Plaintiff
                                           ACACIA MEDIA TECHNOLOGIES CORP.

Dated: June 4, 2008

VICTOR G. SAVIKAS (CA SBN 145658)
KEVIN G. McBRIDE (CA SBN 195866)
LOUIS TOUTON (CA SBN 102380)
MARSHA E. MULLIN (CA SBN 93709)
JAMES E. GLORE (CA SBN 215933)
JONES DAY
555 South Flower Street, Fiftieth Floor
Los Angeles, California 90071

By      /S/ Victor G. Savikas
             Victor G. Savikas

Attorneys for Defendant
THE DIRECTV GROUP, INC.

Dated: June 4, 2008

HAROLD J. McELHINNY (CA SBN 66781)
RACHEL KREVANS (CA SBN 116421)
MATTHEW I. KREEGER (CA SBN 153793)
JASON A. CROTTY (CA SBN 196036)
DAVID M. HYMAS (CA SBN 226202)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482

By      /S/ Rachel Krevans
             Rachel Krevans

Attorneys for Defendants
ECHOSTAR SATELLITE LLC and ECHOSTAR TECHNOLOGIES CORPORATION

Dated: June 4, 2008

DARALYN J. DURIE (CA SBN 169825)
DAVID J. SILBERT (CA SBN 173128)
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, California 94111-1704

By      /S/ David Silbert
             David Silbert

Attorneys for Defendant
COMCAST CABLE COMMUNICATIONS, LLC
INSIGHT COMMUNICATIONS, INC.

-4-

| | |
|---|---|
| Dated: June 4, 2008 | ANNAMARIE A. DALEY (*pro hac vice*)<br>ROBINS, KAPLAN, MILLER & CIRESI LLP<br>2800 LaSalle Plaza, 800 LaSalle Avenue<br>Minneapolis, Minnesota 55402<br><br>RICHARD R. PATCH (CA SBN 88049)<br>J. TIMOTHY NARDELL (CA SBN 184444)<br>COBLENTZ, PATCH, DUFFY & BASS, LLP<br>One Ferry Building, Suite 200<br>San Francisco, California 94111-4213<br><br>By      /S/ Annamarie A. Daley<br>         Annamarie A. Daley<br><br>Attorneys for Defendants<br>COXCOM, INC., HOSPITALITY NETWORK, INC., and CABLE AMERICA CORPORATION |
| Dated: June 4, 2008 | BRADFORD LYERLA (*pro hac vice*)<br>KEVIN HOGG (*pro hac vice*)<br>JEFFREY DEAN (*pro hac vice*)<br>MARSHALL, GERSTEIN & BORUN LLP<br>6300 Sears Tower<br>233 South Wacker Drive<br>Chicago, Illinois 60606-6357<br><br>MORGAN W. TOVEY (CA SBN 136242)<br>WILLIAM R. OVEREND (CA SBN 180209)<br>REED SMITH LLP<br>Two Embarcadero Center, Suite 2000<br>San Francisco, CA 94111<br><br>By      /S/ Jeffrey Dean<br>         Jeffrey Dean<br><br>Attorneys for Defendant<br>CHARTER COMMUNICATIONS, INC., WIDE OPEN WEST OHIO LLC, ARMSTRONG GROUP, MASSILON CABLE TV, INC., EAST CLEVELAND CABLE TV AND COMMUNICATIONS LLC, MID-CONTINENT MEDIA, INC., CANNON VALLEY COMMUNICATIONS, INC., US CABLE HOLDINGS, LP, ARVIG COMMUNICATIONS SYSTEMS, SJOBERG'S CABLEVISION, INC., LORETEL CABLEVISION, INC., NPG CABLE, INC., BLOCK COMMUNICATIONS, INC.; SAVAGE COMMUNICATIONS, INC. |

DATED:  June 4, 2008                JUANITA R. BROOKS
                                    TODD G. MILLER
                                    FISH & RICHARDSON P.C.
                                    12390 El Camino Real
                                    San Diego, California 92130-2081


                                    By          /S/ Todd G. Miller
                                              Todd G. Miller

                                    Attorneys for Defendants
                                    ADEMIA MULTIMEDIA, LLC; .ACMP, LLC;
                                    AEBN, INC.; AUDIO COMMUNICATIONS,
                                    INC.; CYBER TREND, INC.; CYBERNET
                                    VENTURES, INC; GAME LINK, INC.; GLOBAL
                                    AVS, INC.; INNOVATIVE IDEAS
                                    INTERNATIONAL; LIGHTSPEED MEDIA
                                    GROUP, INC.; NATIONAL A-1 ADVERTISING,
                                    INC.; NEW DESTINY INTERNET GROUP, LLC,
                                    VS MEDIA, INC.

DATED:  June 4, 2008                WILLIAM J. ROBINSON
                                    VICTOR DE GYARFAS
                                    FOLEY & LARDNER
                                    2029 Century Park East, 35th Floor
                                    Los Angeles, California 90067


                                    By          /S/ Victor de Gyarfas
                                              Victor de Gyarfas

                                    Attorneys for Defendants
                                    International Web Innovations, Inc.

DATED:  June 4, 2008                DOUGLAS W. SPRINKLE
                                    MARK D. SCHNEIDER
                                    GIFFORD, KRASS, GROH, SPRINKLE,
                                    ANDERSON & CITKOWSKI, P.C.
                                    280 N. Old Woodward Avenue, Suite 400
                                    Birmingham, Michigan 48009-5394


                                    By          /S/ Douglas W. Sprinkle
                                              Douglas W. Sprinkle

                                    Attorneys for Defendant
                                    ASKCS.COM, INC.

| | |
|---|---|
| DATED:  June 4, 2008 | MITCHELL D. LUKIN<br>BAKER BOTTS LLP<br>One Shell Plaza<br>910 Louisiana<br>Houston, Texas 77022<br><br>JEFFREY D. SULLIVAN<br>BAKER BOTTS LLP<br>30 Rockefeller Plaza<br>New York, New York 10112<br><br>STEPHEN E. TAYLOR<br>TAYLOR & CO. LAW OFFICES, INC.<br>One Ferry Building, Suite 355<br>San Francisco, California 94111<br><br>By      /S/Mitchell D. Lukin<br>            Mitchell D. Lukin<br><br>Attorneys for Defendant<br>MEDIACOM COMMUNICATIONS CORPORATION, and CEQUEL III COMMUNICATIONS I, LLC (d/b/a CEBRIDGE CONNECTIONS). |
| DATED:  June 4, 2008 | MITCHELL D. LUKIN<br>BAKER BOTTS LLP<br>One Shell Plaza<br>910 Louisiana<br>Houston, Texas 77022<br><br>JEFFREY D. SULLIVAN<br>BAKER BOTTS LLP<br>30 Rockefeller Plaza<br>New York, New York 10112<br><br>By      /S/Mitchell D. Lukin<br>            Mitchell D. Lukin<br><br>Attorneys for Defendants<br>CABLE ONE, INC., and BRESNAN COMMUNICATIONS |

DATED:  June 4, 2008             DAVID S. BENYACAR
                                 DANIEL REISNER
                                 KAYE SCHOLER, LLP
                                 425 PARK AVENUE
                                 NEW NORK, NY 10022-3598


                                 By        /S/ David S. Benyacar
                                            David S. Benyacar

                                 Attorneys for Defendant
                                 TIME WARNER CABLE, INC.

DATED:  June 4, 2008             BENJAMIN HERSHKOWITZ
                                 JOHN PETRSORIC
                                 GOODWIN PROCTER LLP
                                 599 LEXINGTON AVE
                                 NEW YORK, NY 10022



                                 By        /S/ Benjamin Hershkowitz
                                            Benjamin Hershkowitz

                                 Attorneys for Defendant
                                 CSC HOLDINGS, INC.



**ORDER**

Pursuant to stipulation, it is ordered that:

1. Neither Acacia nor any of its parent companies, subsidiaries, affiliates, successors and assigns, and present, former, and future employees, officers, shareholders, directors, representatives, agents, attorneys, successors and assigns, and all other persons acting for or on its behalf shall sue any Defendant or their Affiliates on claims 19-22, 23, 24, 42-44, 47, 48, 49, 51, 52 and 53 of the '992 patent; claims 2 and 5 of the '275 patent; claims 14-16 of the '863 patent; and claims 4 and 6-8 of the '720 patent (hereinafter the "Withdrawn Claims") for any past, present, or future claim of infringement arising from manufacturing, having manufactured,

exporting, importing, using, selling, or offering to sell any product or method whatsoever, or having engaged in the past in any or all of these activities;

2. Neither Acacia nor any of its parent companies, subsidiaries, affiliates, successors and assigns, and present, former, and future employees, officers, shareholders, directors, representatives, agents, attorneys, successors and assigns, and all other persons acting for or on its behalf shall sue any of Defendants' or their Affiliates' subscribers on the Withdrawn Claims, where the alleged infringement results from subscribing to and/or using services offered by Defendants or their Affiliates;

3. Defendants and their Affiliates shall not be subject to any injunction, and shall have no liability to Acacia or to any purchaser, assignee, or successor-in-interest to the Withdrawn Claims, for any alleged infringement of the Withdrawn Claims, including without limitation any alleged direct infringement, indirect infringement, joint infringement, inducement to infringe, or contributory infringement;

4. Acacia's Covenant Not to Sue shall burden the '992 patent, the '275 patent, the '863 patent, and the '720 patent so as to bar any and all future assignees of the '992 patent, the '275 patent, the '863 patent, and/or the '720 patent from asserting the Withdrawn Claims against Defendants and/or their Affiliates;

5. The Covenant Not to Sue shall not affect Acacia's ability to continue to seek injunctive and/or monetary relief from any Defendant or its Affiliates with respect to any of the remaining patent claims from the patents currently in suit in this action or from any other patents Acacia may assert against any such Defendant or its Affiliates in the future; and

///

///

///

6.  This Covenant Not to Sue shall not be admissible at trial.

DATED:   June 13, 2008

_____
The Honorable James Ware
United States District Judge