COUNSEL LISTED ON SIGNATURE PAGES



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| In re:<br><br>ACACIA MEDIA TECHNOLOGIES<br>CORPORATION PATENT LITIGATION | Case No. C 05-01114 JW (HRL)<br>MDL No. 1665<br><br>**STIPULATED COVENANT NOT TO SUE;**<br>**ORDER THEREON** |

## COVENANT NOT TO SUE

1. This Covenant Not to Sue is entered into by Acacia Media Technologies Corporation ("Acacia"), on the one hand, and the following entities, individually or in any combination thereof, on the other: Ademia Multimedia;, LLC; ACMP, LLC; AEBN, Inc.; Audio Communications, Inc.; Cyber Trend, Inc.; Cybernet Ventures, Inc.; Game Link, Inc.; Global AVS, Inc.; Innovative Ideas International; Lightspeed Media Group, Inc.; National A-1 Advertising, Inc.; New Destiny Internet Group, LLC; VS Media, Inc.; Offendale Commercial Limited BV; and International Web Innovations, Inc. (collectively, "Defendants").

2. The "Withdrawn Claims" shall mean Claims 1-18 of U.S. Patent No. 5,132,992 ("'992 patent").

3. In exchange for good and valuable consideration, the receipt of which is hereby acknowledged, Acacia hereby covenants not to sue Defendants or their Affiliates (defined below) on the Withdrawn Claims for any past, present, or future claim of infringement arising from

1   manufacturing, having manufactured, exporting, importing, using, selling, or offering to sell any
2   product or method whatsoever, or having engaged in the past in any or all of these activities.

3       4.    Thus, Acacia agrees that, with respect to the Withdrawn Claims, Defendants and
4   their Affiliates shall not be subject to any injunction, and shall have no liability to Acacia or to any
5   purchaser, assignee, or successor-in-interest to the Withdrawn Claims, for any alleged infringement
6   of the Withdrawn Claims, including without limitation any alleged direct infringement, indirect
7   infringement, joint infringement, inducement to infringe, or contributory infringement.  For the
8   purpose of this Covenant, **"Affiliate"** shall be defined, with respect to each Defendant, as a separate
9   corporation, company, or other entity which now or hereafter, directly or indirectly through one or
10  more intermediaries, Controls, is Controlled by, or is under common Control with such Defendant.
11  "**Controls**" or "**Controlled by**" and "**under common Control with**" shall mean the power to direct
12  or cause the direction of the management policies of such corporation, company, or other entity,
13  whether through the ownership of voting securities, or by contract or otherwise.

14      5.    Further, Acacia covenants not to sue any of Defendants' or their Affiliates'
15  subscribers on the Withdrawn Claims, where the alleged infringement results from subscribing to
16  and/or using services offered by Defendants or their Affiliates.

17      6.    This Covenant Not to Sue shall bind Acacia and its parent companies, subsidiaries,
18  affiliates, successors and assigns, and present, former, and future employees, officers, shareholders,
19  directors, representatives, agents, attorneys, successors and assigns, and all other persons acting for
20  or on its behalf.  Acacia and Defendants intend this covenant to burden the '992 patent so as to bar
21  any and all future assignees of the '992 patent from asserting the Withdrawn Claims against
22  Defendants and/or their Affiliates.

23      7.    This Covenant Not to Sue shall not affect Acacia's ability to continue to seek
24  injunctive and/or monetary relief from any Defendant or its Affiliates with respect to any of the
25  remaining patent claims from the patents currently in suit in this action or from any other patents
26  Acacia may assert against any such Defendant or its Affiliates in the future.

27
28

8. This Covenant Not to Sue shall not be admissible at trial.

Dated: June 4, 2008

RODERICK G. DORMAN (CA SBN 96908)
ALAN P. BLOCK (CA SBN 143783)
MARC MORRIS (CA SBN 183728)
HENNIGAN, BENNETT & DORMAN LLP
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017

By  */s/ Alan P. Block*
       Alan P. Block

Attorneys for Plaintiff
ACACIA MEDIA TECHNOLOGIES
CORPORATION

DATED: June 4, 2008

JUANITA R. BROOKS
TODD G. MILLER
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, California 92130-2081

By  */s/ Todd G. Miller*
       Todd G. Miller

Attorneys for Defendants
ADEMIA MULTIMEDIA, LLC; .ACMP, LLC;
AEBN, INC.; AUDIO COMMUNICATIONS,
INC.; CYBER TREND, INC.; CYBERNET
VENTURES, INC; GAME LINK, INC.; GLOBAL
AVS, INC.; INNOVATIVE IDEAS
INTERNATIONAL; LIGHTSPEED MEDIA
GROUP, INC.; NATIONAL A-1 ADVERTISING,
INC.; NEW DESTINY INTERNET GROUP, LLC,
VS MEDIA, INC.

DATED: June 4, 2008

WILLIAM J. ROBINSON
VICTOR DE GYARFAS
FOLEY & LARDNER
2029 Century Park East, 35th Floor
Los Angeles, California 90067

By  */s/ Victor de Gyarfas*
       Victor de Gyarfas

Attorneys for Defendants
INTERNATIONAL WEB INNOVATIONS, INC.
and OFFENDALE COMMERICAL LIMITED BV

DATED:  June 4, 2008

GARY A. HECKER
JAMES M. SLOMINSKI
THE HECKER LAW GROUP
1925 Century Park East, Suite 2300
Los Angeles, California 90067

By   _/s/ James M. Slominski_
　　　　　　James M. Slominski

Attorneys for Defendant
OFFENDALE COMMERCIAL BV, LTD.

### Order

Pursuant to stipulation, it is ordered that:

1. Neither Acacia nor any of its parent companies, subsidiaries, affiliates, successors and assigns, and present, former, and future employees, officers, shareholders, directors, representatives, agents, attorneys, successors and assigns, and all other persons acting for or on its behalf shall sue any Defendant or their Affiliates on claims 1-18 of U.S. Patent No. 5,132,992 (the '992 patent) (the "Withdrawn Claims") for any past, present, or future claim of infringement arising from manufacturing, having manufactured, exporting, importing, using, selling, or offering to sell any product or method whatsoever, or having engaged in the past in any or all of these activities;

2. Neither Acacia nor any of its parent companies, subsidiaries, affiliates, successors and assigns, and present, former, and future employees, officers, shareholders, directors, representatives, agents, attorneys, successors and assigns, and all other persons acting for or on its behalf shall sue any of Defendants' or their Affiliates' subscribers on the Withdrawn Claims, where the alleged infringement results from subscribing to and/or using services offered by Defendants or their Affiliates;

3. Defendants and their Affiliates shall not be subject to any injunction, and shall have no liability to Acacia or to any purchaser, assignee, or successor-in-interest to the Withdrawn Claims, for any alleged infringement of the Withdrawn Claims, including

without limitation any alleged direct infringement, indirect infringement, joint infringement, inducement to infringe, or contributory infringement;

4. Acacia's Covenant Not to Sue shall burden the '992 patent so as to bar any and all future assignees of the '992 patent from asserting the Withdrawn Claims against Defendants and/or their Affiliates;

5. The Covenant Not to Sue shall not affect Acacia's ability to continue to seek injunctive and/or monetary relief from any Defendant or its Affiliates with respect to any of the remaining patent claims from the patents currently in suit in this action or from any other patents Acacia may assert against any such Defendant or its Affiliates in the future; and

6. This Covenant Not to Sue shall not be admissible at trial.

DATED: June 13, 2008

_____
The Honorable James Ware
United States District Judge