KEKER & VAN NEST LLP
DAVID J. SILBERT - #173128
DAN JACKSON - #216091
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
dsilbert@kvn.com
djackson@kvn.com

Attorneys for Defendants
COMCAST CABLE COMMUNICATIONS, LLC
and INSIGHT COMMUNICATIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>ACACIA MEDIA TECHNOLOGIES CORPORATION | Case No. C-05-01114 JW<br><br>**COMCAST'S AND INSIGHT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO BILL OF COSTS**<br><br>(Fed. R. Civ. P. 54(d)(1); Civil L.R. 54-1) |

Defendants Comcast Cable Communications, LLC ("Comcast") and Insight Communications, Inc. ("Insight") respond as follows to Plaintiff Acacia Media Technology Corp.'s ("Acacia") objections to Defendants' Bill of Costs (Doc. No. 362).

**A.     Argument**

**1.     *Pro Hac Vice* Application Fees Are Recoverable**

Every circuit court to examine the issue has held that *pro hac vice* fees are recoverable. *See Craftsmen Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894, 898 (8th Cir. 2009) ("We agree with those courts that have concluded that pro hac vice fees are recoverable as fees of the clerk under § 1920."); *United States v. Emergency Med. Assocs. of Illinois, Inc.*, 436 F.3d 726, 730 (7th Cir. 2006) (affirming costs of *pro hac vice* application).

Further, while the Ninth Circuit has not yet addressed this issue, numerous district courts within the Ninth Circuit have likewise held that *pro hac vice* fees are recoverable. *See, e.g., Kraft v. Arden*, No. 07-487-PK, 2009 WL 73869, at *8 (D. Or. Jan. 8, 2009) ("I conclude that the $100 defendants seek in pro hac vice fees may be taxable as costs."); *Scherer v. Home Depot U.S.A., Inc.*, No. S-04-0109 DFL GGH, 2007 WL 1087045, at *2 (E.D. Cal. Apr. 10, 2007) ("Pro hac vice fees may be recoverable as costs."); *Berry v. Hawaiian Express Serv., Inc.*, No. 03-00385 SOM-LEK, 2006 WL 4102120, at *17 (D. Haw. Oct. 25, 2006) (granting pro hac vice fees as "fees of the clerk").

Acacia relies on a single unpublished district court case, which in turn cities a 1994 Eastern District of Mississippi case, for the contrary proposition. Acacia's argument contradicts the weight of the authority in this circuit and others, which holds that *pro hac vice* fees are recoverable.

Thus, Comcast and Insight should be awarded their claimed *pro hac vice* fees in the amount of $185.

**2.     Fees for Court-Appointed Technical Advisors Are Recoverable**

Contrary to Acacia's assertion, the Ninth Circuit has expressly held that fees for special masters are recoverable. *See K-2 Ski Co. v. Head Ski Co.*, 506 F.2d 471, 476-77 (9th Cir. 1974) ("The prevailing party has a right to recovery moneys paid for the master as a part of its

recoverable costs.") (internal quotation marks omitted); *Sea Coast Foods, Inc. v. Lu-Mar Lobster & Shrimp, Inc.,* 260 F.3d 1054, 1061 (9th Cir. 2001) (finding that § 1920 authorizes taxation of special master fees).  Indeed, this Court's Local Rules expressly state that "[f]ees to masters and receivers are allowable."  Civil L.R. 54-3(f); *see also Intermedics, Inc. v. Ventritex, Co.*, No. C-90-20233 JW (WDB), 1993 WL 515879, at *5 (N.D. Cal. Dec. 2, 1993) ("Ventritex requested special master fees of $1,562.50 on its first bill of costs.  Recovery of this type of expense is clearly contemplated by the local rules.")

The Court appointed Dr. Rainer Schulz and gave him the title "technical advisor."  His role was akin—if not identical—to a special master.  Contrary to Acacia's assertion, the fees paid to Dr. Schulz are recoverable.

Thus, Comcast and Insight should be awarded the fees they paid to Dr. Schulz in the amount of $8,570.84.

**3.     Comcast and Insight are entitled to their claimed transcript costs**

Comcast and Insight will stipulate to forego a portion of their transcript costs totaling $2,822.27.[1]  However, for the reasons set forth below the Court should otherwise overrule Acacia's objections to defendants' transcript costs, and award Comcast and Insight the remaining amount of $5,953.67.

September 8 and 9, 2005 Hearings:  Acacia misreads this invoice.  While the hourly rate shown for the "original" is indeed $6.60 (double the rate that Acacia agrees is proper, $3.30), this was made up for by charging for only *half* of the actual number of pages for the "original":  214, versus the full 428 pages shown for the "first copy," a total page number borne out by review of the transcripts, which cover two full days of hearing.  *See* Doc. # 362-2 at p.6.  This is further

---

[1] The transcript costs that Comcast will stipulate to forego include the following:  for the Lippman deposition, $42 for delivery and processing; for the Weiss deposition, $188.75 for an ASCII disk and $44.95 for delivery and processing; for the September 8 and 9, 2005 hearing, $1,065.72 for copies beyond the two total to which Comcast and Insight are collectively entitled, and $823.90 in Realtime fees; for the June 14 and 15, 2006 hearing, $200 for the cost of DVDs; for the September 7, 8, and 14, 2007 hearing, $300 for the cost of DVDs; and for the March 7, 2008 hearing, $113.15 for an hourly rate beyond the $3.30 which Acacia agrees is appropriate and $43.80 for copies beyond the two total to which Comcast and Insight are collectively entitled.

1  confirmed by the notation at the top of the invoice stating that it reflects charges for "*one half* of
2  original . . . ." *Id.* Thus, the effective rate that Comcast and Insight claimed is precisely the one
3  that Acacia agrees is appropriate: $3.30.

4  Acacia also contends that Comcast and Insight are not entitled to the cost of an additional
5  copy. But although they submitted a cost bill jointly, they are separate parties, which Acacia
6  chose to sue in two separate lawsuits, now coordinated in this Multi-District Litigation
7  proceeding. They are certainly each entitled to a copy of transcripts.

8  As noted above, Comcast and Insight will stipulate to forego their claims for a second
9  copy of the transcripts and for Realtime charges.

10  <u>February 24, 2006 Hearing</u>: Acacia asserts that Comcast and Insight failed to submit
11  adequate documentation to support the cost for this "alleged transcript." Acacia is incorrect.
12  Defendants submitted an email from the court reporter, Irene Rodriquez, with the subject line,
13  "In re Acacia 2/24/06," in which she requested payment in the amount of $167.52, together with
14  a payment record showing payment to Ms. Rodriguez in that amount. *See* Doc. # 362-2 at p.6.
15  Further, as Acacia knows, a hearing in the case was indeed held on February 24, 2006. This is
16  not an "alleged transcript," it is a real transcript, and defendants have adequately documented
17  their payment for it.

18  <u>June 14 and 15 Hearings</u>: Again, Acacia misreads the invoice. While the second day's
19  transcript appears in "Expedited" row, in fact, it was charged at the same rate as the "Ordinary"
20  charge. The court reporter appears to have simply used the second row on the form for the
21  second day. *See* Doc. # 362-2 at p.9. Further, Comcast and Insight claimed charges for a total of
22  only two copies, to which they are plainly entitled, since they are two separate parties. *Id.*

23  As noted above, Comcast and Insight will stipulate to forego their claims for charges for
24  DVDs.

25  <u>September 7, 8, and 14, 2007 Hearings</u>: Comcast and Insight claimed charges for a total
26  of only two copies, to which they are plainly entitled, since they are two separate parties. *See*
27  Doc. # 362-2 at p.11. As noted, Comcast and Insight will stipulate to forego their claims for
28  charges for DVDs.

<u>August 17, 2007 Hearing</u>:  Comcast and Insight submitted a request for a check to issue to the court reporter, Irene Rodriguez, "representing payment for court reporter transcript of Markman hearing on 8/17/07 before Judge Ware," and a payment record showing payment to Ms. Rodriguez in the amount requested.  *See* Doc. # 362-2 at p.12-13.  Defendants have adequately documented this cost.

<u>March 7, 2008 Hearing</u>:  Comcast and Insight are entitled to claim costs for two copies, since they are two separate parties.  As noted, Comcast and Insight will stipulate to forego their claim for costs of the original that exceed the hourly rate of $3.30, and for an additional (i.e., third) copy.  *See* Doc. # 362-2 at p.15.

Thus, Comcast and Insight should be awarded transcript costs in the amount of $5,953.67.

**4.      Comcast and Insight will stipulate to forego their claimed costs for copying and exemplification**

Because finding and submitting additional support for these costs—which span the life of the case—would be excessively burdensome and require Comcast and Insight to incur even more unnecessary costs, Comcast and Insight will agree to forego them.

**B.      Conclusion**

For the reasons stated above, the Court should overrule Acacia's objections and award Comcast and Insight costs in the amount of $14,709.51.

Dated:  December 4, 2009                    KEKER & VAN NEST LLP

                                            By:      */s/ David J. Silbert*
                                                     DAVID J. SILBERT
                                                     Attorneys for Defendants
                                                     COMCAST CABLE COMMUNICATIONS, LLC
                                                     and INSIGHT COMMUNICATIONS, INC.